**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny McIntyre TOLES, Defendant–Appellant.**

**No. 88–3664**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1989.

John T. Mulvehill, Federal Public Defender, New Orleans, La., for defendant-appellant.

Robert J. Boitmann, Lawrence Benson, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before REAVLEY, JONES and DUHE, Circuit Judges.

PER CURIAM:

Johnny McIntyre Toles was convicted of attempted bank robbery (18 U.S.C. § 2113(a)) on his plea of guilty. He appeals only his sentence of 51 months imprisonment, arrived at by application of the sentencing guidelines. *See* United States Sentencing Commission, *Guidelines Manual.*

His challenge to the Sentencing Commission and the guidelines promulgated by it has been resolved by the Supreme Court in *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

The complaint about the application of the guidelines turns solely on the applicability of section 2X1.1. Toles was convicted of a robbery crime; section 2B3.1 determines the base offense at 18. Because the victim was a financial institution the level is adjusted upward to 19 due to section 2B3.1(b)(1). Because Toles voluntarily surrendered himself and accepted responsibility for the crime, he is entitled by section 3E1.1(a) to a downward adjustment to an offense level of 17, which was the level used by the district court. Because of his prior offenses, his criminal history category of V produces 46 to 57 months. *See Guidelines Manual* p. 5.2. He was sentenced to 51 months in prison, to be followed by a 5 year period of supervised release, along with the mandatory $50 special assessment.

 Toles contends, however, that he is entitled to a decrease of 3 levels because his offense was incomplete, and section 2X1.1(b) should apply. We read section 2X1.1(b) to apply only where no prior guideline applies to the specific offense committed. Toles' offense is the crime of robbing, or attempting to rob, a violation of 18 U.S.C. § 2113(a), specifically covered by section 2B3.1(a) of the guidelines. *See Guidelines Manual* commentary at p. 2.22. Not that section 2X1.1(b) would help Toles. It expressly provides that no decrease shall be made, in the case of "an attempt or solicitation" if "the defendant completed all the acts the defendant believed necessary for successful completion of the offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control."

The defendant describes his conduct in his addendum to the docketing statement to this court as follows:

On March 9, 1988, Mr. Toles attempted to obtain money from a teller at a branch bank which was then insured by the F.D.I.C., in the city of New Orleans. The attempt was unsuccessful and consisted of presenting a note which read "No red dye pack, put the money in the bag." Upon receipt of the note the teller told Mr. Toles she did not have the keys to her cashbox and could not give him any money. Mr. Toles then picked up the note, abandoned the endeavor and left the bank making good his escape.

Defendant argues that the guideline grants him the reduction unless completion of the offense was interrupted by the intercession of law enforcement authorities or the victim, and he points to the background statement on page 2.152 of the guidelines. The background statement would be helpful to his argument if this were a case, as is described there, where the interruption of defendant's scheme occurred "well before the defendant ... completed the necessary acts of the object defense" rather than "on the verge of completion." In this case the bank teller, the victim, successfully prevented the completion of the robbery by claiming to be unable to unlock the cash box. True, as defendant argues, money was not obtained and carried away. This was an unsuccessful attempt, but as the district court said, defendant had "done everything he needed to do in order to successfully complete the bank robbery, or ... was about to complete all of them"— and the teller, someone beyond defendant's control, blocked the final steps of the robbery.

Following the direction of the guidelines of the Sentencing Commission, no downward adjustment may be made under section 2X1.1(b).

The judgment is AFFIRMED.