**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin ROTHMAN,**
**Defendant–Appellant.**

No. 89–3896.

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1990.

Ms. Roma A. Kent, Asst. Federal Public Defender, John T. Mulvehill, Federal Public Defender, New Orleans, La., for defendant-appellant.

Robert J. Boitmann, Robert M. Hamilton, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge.

Defendant Martin Rothman contends that in determining his sentence, the district court erred by failing to apply the three-level reduction available to a conspirator arrested before the completion of the offense. Because we consider the degree of completion of the underlying offense, and not of the conspiracy itself, to be the relevant inquiry, we vacate the sentence and remand to the district court for resentencing.

Two co-defendants, Joseph Hillner and Charles Howell, initiated a conspiracy to launder money that a third party claimed he had earned through illegal drug trafficking. The third party was, in fact, an undercover agent for the Internal Revenue Service. The third defendant, appellant Rothman, entered the conspiracy later, participating in only one planning meeting before his arrest.

Rothman flew from Florida to New Orleans to discuss the money-laundering scheme with Hillner and the undercover agent. It is unclear whether Rothman knew that the money came from drug trafficking, but we can infer from the facts that Rothman knew the funds came from some unlawful activity. The three men discussed two possible methods of laundering the money.

First, Rothman claimed that his father-in-law owned a chain of convenience stores through which they could pass the money if they paid his father-in-law a commission for the service. This proposal, however, was merely a ruse, because no member of Rothman's family actually owned such stores. Second, the men discussed a plan to have Rothman, an experienced pilot, fly the money to Mexico and then wire it back to the United States.

At the end of the meeting, the undercover agent gave Hillner and Rothman $300,-000. As Hillner and Rothman left the room, they were arrested.

Rothman was indicted for laundering of monetary instruments,[1] conspiracy to launder monetary instruments, and travel in aid of racketeering. He later pleaded guilty to the conspiracy charge in exchange for the government's agreement not to prosecute him for the other charges.

The district court sentenced Rothman to thirty months' imprisonment. It refused to apply section 2X1.1(b)(2) of the Federal Sentencing Guidelines to reduce the offense level because it found that the conspiracy was complete. The court noted, however, that the objects of the conspiracy might have been incomplete.

*Reduction of Offense Level for Incomplete Offense*

■ The Federal Sentencing Guidelines instruct that for a defendant convicted of conspiracy, a sentencing court must decrease the offense level by three

> unless the defendant or co-conspirator completed all of the acts the conspirators believed necessary on their part for the successful completion of *the offense* or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

United States Sentencing Commission, *Guidelines Manual,* § 2X1.1(b)(2) (Nov. 1989) (emphasis added) [hereinafter *Guidelines* ].[2]

Rothman's complaint turns solely on the interpretation of the phrase "the offense" in guidelines section 2X1.1(b)(2). Rothman contends that the phrase refers to the underlying offense of money laundering and not the charged offense of conspiracy to launder money. Thus, he contends, a defendant convicted of conspiracy to launder money is entitled to a three-level reduction unless the conspirators had completed all the acts they believed necessary to carry out the object offense—the money laundering operation—or unless the conspirators were apprehended or interrupted as they were about to complete those acts.

Based on a common-sense interpretation of the section, we agree with Rothman. If "the offense" refers to the conspiracy itself, then the three-level reduction would never be available, because every defendant convicted of conspiracy has completed the acts necessary for the completion of the conspiracy. The offense of conspiracy requires only "an agreement between two or more persons to join together to accomplish some unlawful purpose" and at least one overt act intended to further the plan. U.S. Fifth Circuit Dist. Judges Ass'n, *Pattern Jury Instructions* § 2.21 (1990); *see United States v. Burroughs,* 876 F.2d 366, 368–69 (1989).

The commentary to section 2X1.1 of the sentencing guidelines provides further support for this interpretation:

> In most prosecutions for conspiracies or attempts, the *object offense* was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the necessary acts of the *object offense.* Under such circumstances, a reduction of 3 levels is provided under § 2X1.1(b)(1) or (2).

*Guidelines,* § 2X1.1 commentary at 2.167 (emphasis added). This passage clarifies that section 2X1.1(b)(2) concerns the degree of completion of the object offense, not of the conspiracy itself.

Although the interpretation of "this offense" in section 2X1.1(b)(2) is an issue of first impression in this circuit, Judge Posner has indicated that this phrase refers to

---

1. "Laundering of monetary instruments," commonly called money laundering, describes the process of filtering the proceeds of unlawful activity through commercial institutions or through foreign countries "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds" or "to avoid a transaction reporting requirement

under State or Federal law." 18 U.S.C. § 1956(a)(1)(B) (1988).

2. Rothman's date of sentencing was December 14, 1989. The version of the sentencing guidelines in effect on that date included amendments effective November 1, 1989.

the underlying offense and not the conspiracy. *See United States v. D'Antoni,* 874 F.2d 1214, 1222 (7th Cir.1989) (Posner, J., dissenting); *cf. United States v. Toles,* 867 F.2d 222, 223 (5th Cir.1989) (discussing guidelines section 2X1.1(b)(1), which allows a three-level reduction for an attempt or solicitation if the offense is incomplete). He reasons that the intent of the guidelines is to punish the conspiracy just as severely as the underlying offense if the underlying offense is completed or near completion. *See D'Antoni,* 874 F.2d at 1222.

*Standard of Review*

■ This court must uphold the sentence of the district court unless it:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable ...; or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(e) (1988). We must accept the findings of fact of the district court unless they are clearly erroneous. *Id.; see United States v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989).

The district court found that the conspiracy was completed but that the objects of the conspiracy might have been incomplete. These findings of fact are not clearly erroneous. But we must vacate and remand this case for further sentencing proceedings because the district court incorrectly applied the sentencing guidelines to the facts.

The district court concluded that since the conspiracy was completed, Rothman was not entitled to the three-level reduction in section 2X1.1(b)(2). For the reasons explained in this opinion, the district court must now consider section 2X1.1(b)(2) in light of the object offense—money laundering. If this offense was substantially completed or interrupted by law enforcement authorities as it was about to be completed, then the three-level reduction is unavail-

able. Otherwise, Rothman is entitled to the reduction.

The sentence imposed below is VACATED and the case REMANDED for further sentencing proceedings consistent with this opinion.