930 F.2d 913
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Laxmi CHAND, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Laxmi CHAND, Defendant-Appellee.
 Nos. 91-5139, 91-5140.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1991.
Decided April 19, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-361-A)
 Robert M. Price, Washington, D.C., for Appellant.
 William G. Otis, Senior Litigation Counsel, Mark Hulkower, Assistant United States Attorney, Office of the United States Attorney, Alexandria, Va., (Argued), for appellee; Henry E. Hudson, United States Attorney, Office of the United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Laxmi Chand appeals from his sentence of 18 months imprisonment for conspiracy to bribe a federal official, in violation of 18 U.S.C. Sec. 371. Chand claims the district court erred by not finding him to be only a minimal participant, by not considering his cooperation because the government, in bad faith, refused to move for a reduction based on his substantial assistance, by not sentencing him as an accessory after the fact, by not reducing his sentence because the object of the conspiracy was not completed, and by not reducing his sentence because his criminal acts were aberrant behavior.
 
 
 2
 The United States cross-appeals, arguing the district court erred by sentencing Chand based on the amount of the bribe rather than the amount of profit the conspirators were to receive from the transaction.
 
 
 3
 We find no merit in either appeal and therefore affirm the district court's sentence.
 
 
 4
 * Chand, Rashmi Kant, and O.M. Prakash Agarwal conspired to bribe an official of the Maritime Administration of the United States (MARAD) to sell them a tanker vessel at a price significantly below market price. If a shipowner defaults on loans that MARAD guaranteed, MARAD assumes title to the ship and sells it. Kant offered the MARAD official a $400,000 bribe if he would allow Agarwal to buy a tanker for three million dollars. The tanker's value as scrap--apparently its only value--is rather uncertain, but the government estimated it to be worth between six and eight million dollars.
 
 
 5
 Chand became involved in the conspiracy at least two weeks before the sale took place. He opened a bank account to facilitate the transfer of three and a half million dollars from Agarwal's accounts in India. The conspirators paid $198,000 of the bribe to the official, mostly in a series of checks signed by Chand and drawn on his business account. Chand was to cash the checks on a daily basis for the official. Chand left the payee line blank so he could use different names to avoid detection. Chand also would have been the recorded purchaser of the tanker. For his efforts Chand was to receive a commission equal to one or two percent of the three million dollar purchase price.
 
 
 6
 Fortunately the MARAD official was at all times working with the F.B.I., who monitored and recorded all the conspirators' conversations with him. The F.B.I. arrested the conspirators after they met the official in Chand's office and gave him a three million dollar check made out to MARAD for the tanker and an additional cash bribe. Up until this incident Chand had been considered an upstanding member of his community who owned a very successful travel agency and was known for his generosity toward both employees and members of the Indian community in Washington, D.C.
 
 
 7
 Chand admitted his part in the conspiracy and generally cooperated with the F.B.I. in its investigation. He pled guilty to a conspiracy charge. The district court, using the sentencing guidelines, held that Chand's base offense level was 10. United States Sentencing Commission, Guidelines Manual, Secs. 2C1.1(a) & 2X1.1(a) (1989) (hereinafter all section numbers refer to sections of this manual). The guidelines increase the offense level if the amount of the bribe or the benefit to be received exceeds $2,000. Sec. 2C1.1(b)(2)(A). The amount of the increase is in proportion to the amount of money involved. The government argued the district court should have raised the offense level 13 points because the statement of facts incorporated into Chand's plea agreement recited that the value of the benefit the conspirators were to receive was between three and five million dollars, the difference between the tanker's three million dollar purchase price and its estimated value as scrap. Sec. 2F1.1(b)(1)(N). The district court held:
 
 
 8
 While there is some merit to the Government's argument that there was a stipulation to a value of the ship and some salvage values, there is really not sufficient evidence to determine what would have been made off of this transaction. There is no evidence at all of the costs of salvaging this vessel. And that really makes it inappropriate to use those numbers.
 
 
 9
 And I find that the proper figure that should be used is the value of the bribe, which would have been a $400,000 figure....
 
 
 10
 Accordingly, the district court increased the base level by nine. Sec. 2F1.1(b)(1)(J). It decreased the offense level by two for acceptance of responsibility. Sec. 3E1.1. The court also decreased it another two levels because it found Chand was a minor participant, Sec. 3B1.2(b), although not a minimal participant entitled to a four level reduction as Chand argued, Sec. 3B1.2(a). Chand's offense level was therefore 15 and he had a category I criminal history. The district court sentenced Chand to 18 months imprisonment, the shortest time possible within the guideline range. The government did not move for a departure based on substantial assistance, Sec. 5K1.1, and the district court did not make such a departure.
 
 
 11
 In a motion for reconsideration Chand argued he was entitled to a three level reduction because the object of the conspiracy was incomplete. Sec. 2X1.1(b)(2). The district court denied the motion.
 
 II
 
 12
 Chand argues the district court erred in finding he was a minor and not a minimal participant. Chand argues he is less culpable than Kant, who negotiated the sale and bribe. Because Kant was given a two level reduction as a minor participant, Sec. 3B1.2(b), Chand argues he necessarily was only a minimal participant and entitled to a four level reduction, Sec. 3B1.2(a).
 
 
 13
 We review for clear error because Chand's role in the offense is largely a factual question. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). The application notes to the guidelines indicate courts should grant four level reductions only infrequently and they should reserve them for participants such as those who do not understand the entire criminal scheme. Sec. 3B1.2, comment. (n. 1 & 2). Chand may have come late to the conspiracy, after the bribe and sale already were negotiated, but he quickly became heavily involved in setting up the actual financing for the venture and therefore necessarily had to understand the entire scheme. While courts determine aggravating and mitigating roles by comparing participants in the criminal conduct, United States v. Gordon, 895 F.2d 932, 935 (4th Cir.1990), courts need not make fine gradations and may assign to the same group participants who have "roughly equal culpability." Sec. 3B1.4, comment. Even assuming Kant was more culpable, it was not clear error on these facts to find that Chand also occupied a minor participant role.
 
 
 14
 Chand next argues the district court erred in not decreasing by three Chand's offense level because the object of the conspiracy was incomplete.
 
 Section 2X1.1(b)(2) reads:
 
 15
 If a conspiracy, decrease by 3 levels, unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.
 
 
 16
 The court in United States v. Rothman, 914 F.2d 708, 710-11 (5th Cir.1990), interpreted the phrase "the offense" to refer not to the conspiracy, but to the illegal object of the conspiracy.
 
 
 17
 We again review for clear error. Here the conspirators already had paid both the bribe and the three million dollars for the tanker. Only their arrest prevented them from reselling the ship. Chand does not contend otherwise. His arrest did not "occur[ ] well before the defendant or any co-conspirator ha[d] completed the necessary acts of [bribing a public official]." Sec. 2X1.1, comment. (backg'd). We hold the district court did not clearly err by refusing to grant Chand a three level decrease in his offense level.
 
 
 18
 Chand argues on appeal that the district court erred by failing to consider his cooperation. He claims that the government acted in bad faith by not making a motion stating he had provided substantial assistance. Sec. 5K1.1. At his sentencing and in his motion for reconsideration Chand emphasized his cooperation, but he never requested a departure absent a government motion under Sec. 5K1.1, nor did he argue the government was required to make such a motion.
 
 
 19
 Chand raises two other issues on appeal: the district court's failure to sentence Chand as an accessory after the fact, Sec. 2X3.1, and the district court's failure to decrease the sentence because Chand's behavior constituted aberrant behavior. We will not consider these three issues because Chand did not raise them in the district court and he argues no justification for the omission. See United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912, 915 (4th Cir.1976).
 
 III
 
 20
 In its cross-appeal the government argues the district court erred by sentencing Chand based on the $400,000 bribe rather than the three to five million dollars in anticipated profits. The guidelines require a court to sentence based on the amount of the bribe or the amount of benefit received, whichever is greater. Sec. 2C1.1, comment. (n. 2). The government needed to prove the amount in question only by a preponderance of the evidence. See, e.g., United States v. Urrego-Linares, 879 F.2d 1234, 1238 (4th Cir.1989).
 
 
 21
 The government argues we should review de novo because the district court based its decision on a legal interpretation of the guidelines. A cursory review of the district court's decision quoted above reveals that it accepted the government's legal argument but did not find sufficient factual evidence of how much profit the conspirators were to make in this venture. We review this factual finding for clear error. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989).
 
 
 22
 The government argues it met its burden of proof because the statement of facts incorporated into Chand's plea bargain recites the three to five million dollars figure and Chand generally reaffirmed the entire statement when he pled guilty. It also points to the presentence report, which copied this part of the statement of facts verbatim, and Chand's lack of contrary evidence.
 
 
 23
 A defendant's statement standing alone may be, but is not necessarily, sufficient to meet the government's burden of proof. Here there is no evidence Chand knew the tanker's salvage value; he was to be paid a percentage of the purchase price. The government apparently derived the estimated scrap value from a very brief newspaper article discussing the scrapping of old oil tankers precipitated by the Persian Gulf War. We hold the district court was not clearly erroneous in finding the government failed to prove by a preponderance of the evidence the net value of the benefit the conspirators would have received. The district court's ruling is consistent with the guidelines' use of the net rather than gross value in determining the value of the benefit to be received. Sec. 2C1.1, comment. (n. 2). In the absence of proof of net value, the district court correctly looked to the amount of the bribe in sentencing Chand.
 
 IV
 
 24
 Both Chand's appeal and the government's cross-appeal are without merit, and the decision of the district court is affirmed.