954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Friday Ojo ADIGHIBE, Defendant-Appellant.
 No. 90-2375.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Friday Ojo Adighibe, a federal prisoner, appeals his conviction and sentence on drug-related charges. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Adighibe was sentenced to ninety-seven months imprisonment following his jury conviction of one count of attempting to possess heroin and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He filed a timely appeal.
 
 
 3
 Adighibe's court-appointed attorney has filed an Anders brief asserting that there is no merit to the appeal and an accompanying motion to withdraw. See Anders v. California, 386 U.S. 738 (1967); Rule 12(d)(3), Rules of the Sixth Circuit. The Anders brief discusses the procedural history and factual background of the case as well as raising a lengthy list of issues for review. Adighibe has filed a supplemental brief and a response requesting the appointment of counsel. Upon review, we affirm.
 
 
 4
 Probable cause did exist for Adighibe's warrantless arrest. Beck v. Ohio, 379 U.S. 89, 91 (1964). The indictment against Adighibe was sufficient. See Hamling v. United States, 418 U.S. 87, 117 (1974); Allen v. United States, 867 F.2d 969, 971 (6th Cir.1989). The presence of the government's case agent in the courtroom during trial does not require reversal of Adighibe's conviction. See United States v. Martin, 920 F.2d 393, 397 (6th Cir.1990). The prosecutor did not improperly impeach Adighibe with statements elicited from Adighibe while he was in police custody. See Michigan v. Harvey, 494 U.S. 344, ---, 110 S.Ct. 1176, 1180-81 (1990); Harris v. New York, 401 U.S. 222, 225-26 (1971).
 
 
 5
 Additionally, Adighibe's assertions concerning the evidence presented at trial are meritless. Adighibe's claims concerning the dispute in the testimony over whether he opened the package is merely an attempt to have this court make a new credibility determination on direct review. This court, however, does not reweigh the evidence or make credibility determinations. See United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982). The absence of fingerprint testimony does not require reversal of Adighibe's conviction. Despite the absence of fingerprints, the jury heard sufficient circumstantial evidence to support Adighibe's conviction. See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). There is no evidence in the record suggesting that the government tampered with an answering machine message in order to convict Adighibe. Finally, sufficient evidence was presented at trial to establish the presence of cocaine in the printer roller.
 
 
 6
 Furthermore, Adighibe has failed to establish that his trial counsel was ineffective. Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, contrary to Adighibe's assertion, nothing in the record suggests that he was prevented from talking to his lawyer by the probation officer who prepared the presentence investigation report; and his trial counsel has explicitly denied such an assertion.
 
 
 7
 Lastly, Adighibe's challenges to his sentence are meritless. Adighibe's assertion that the district court improperly determined the amount of drugs to be attributed to him as relevant conduct pursuant to U.S.S.G. § 1B1.3 is not well-taken, as the decision he relies upon has been vacated. United States v. Davern, 937 F.2d 1041 (6th Cir.1991), reh'g granted, decision and judgment vacated, (Sept. 26, 1991). Adighibe was not entitled to have his base offense level decreased by three levels pursuant to U.S.S.G. § 2X1.1(b)(1). U.S.S.G. § 2X1.1(b)(1) is inapplicable to this case because U.S.S.G. § 2D1.4 explicitly covers attempt offenses involving controlled substances. See U.S.S.G. § 2X1.1(c); United States v. Toles, 867 F.2d 222, 223 (5th Cir.1989). Finally, two points were properly added to Adighibe's base offense level for obstruction of justice. The two level upward enhancement is applicable where the defendant commits perjury. U.S.S.G. § 3C1.1, comment n. 3(b); United States v. Hamilton, 929 F.2d 1126, 1130-31 (6th Cir.1991). Here, the record supports the application of the obstruction of justice enhancement for perjury.
 
 
 8
 Accordingly, the motion to withdraw as counsel is hereby granted, the request for new counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.