97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Allen LASENE, Defendant-Appellant.
 No. 96-30032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Allen Lasene appeals his 63-month sentence imposed following a guilty plea to attempted bank robbery in violation of 18 U.S.C. § 2113(a). Lasene contends that the district court erred by refusing to grant a two-level downward departure under U.S.S.G. § 5K2.0, or a downward adjustment under U.S.S.G. § 2X1.1(b)(1). We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and affirm.
 
 
 3
 The district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 506 U.S. 882 (1992).
 
 
 4
 Lasene contends that the district court erred by refusing to abide by the parties' stipulation that Lasene should receive a two-level downward departure pursuant to U.S.S.G. § 5K2.0. Because the district court's denial was discretionary, we lack jurisdiction to review this denial. See Belden, 957 F.2d at 676.
 
 
 5
 Lasene also contends that his base offense level should be decreased by three levels under U.S.S.G. § 2X1.1(b)(1), because he did not complete all acts necessary to successfully complete the substantive offense of bank robbery. Lasene argues that his failure to obtain any money or intimidate the teller entitles him to this adjustment. We disagree.
 
 
 6
 Attempted bank robbery is covered under U.S.S.G. § 2B3.1(b)(1). See U.S.S.G. § 2B3.1(b)(1) (1995); United States v. Van Boom, 961 F.2d 145, 147 (9th Cir.1992). "18 U.S.C. § 2113(a) defines the crime of bank robbery as committed by one who 'takes or attempts to take ... any property or money ... in the care ... of any bank.' " Van Boom, 961 F.2d at 147. Thus, bank robbery and attempted bank robbery amount to the same crime. Id.
 
 
 7
 Here, Lasene entered the Key Bank of Oregon, approached a teller and gave her a note stating "Give me all your money I have a gun." Upon reading the note, the teller said "No." Lasene, then, stated "Bad joke, but I will get you later," grabbed the note and exited the bank. The district court reasoned that but for the teller's refusal to give Lasene the money, Lasene's conduct would have resulted in a completed bank robbery.
 
 
 8
 Because the crime of attempted bank robbery is covered under the specific offense guideline for robbery, U.S.S.G. § 2X1.1 is inapplicable to Lasene's case. See Id. Thus, the district court did not err by denying Lasene's request for a three-level downward adjustment under § 2X1.1.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3