UNITED STATES of America,
Plaintiff–Appellee,

v.

Reynaldo HERNANDEZ, Defendant–
Appellant.

No. 03–1314.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 5, 2003.

Oct. 21, 2003.

Before EASTERBROOK, ROVNER,
and DIANE P. WOOD, Circuit Judges.

ORDER

This case turns on a defendant's entitlement to the three-level downward adjustment in sentencing level provided by U.S.S.G. § 2X1.1(b)(1) when a defendant is convicted only of attempting to commit the crime in question. This adjustment is appropriate, unless the defendant has completed all the acts required for the offense or would have completed them had he not been apprehended or interrupted by something beyond his control. Reynaldo Hernandez pleaded guilty to attempted bank robbery, which is penalized by 18 U.S.C. § 2113(a). He argues that the district court erred in refusing to reduce his offense level in accordance with the attempt guideline. We conclude, however, that Hernandez did everything necessary to complete the crime of bank robbery, and we therefore affirm the judgment of the district court imposing a 77–month sentence, five years' supervised release, and a $100 special assessment.

In February 2000, Hernandez and a partner attempted to rob the Athens State Bank in Athens, Illinois. Hernandez's accomplice brought a handgun with him, brandished it, and slammed his hand on the counter while demanding money from the bank employees. Either from bravery or shock, the employees did not respond. After a moment, the robbers fled from the bank. They were later caught and, as noted, Hernandez pleaded guilty to the offense of attempted bank robbery, which is expressly covered by 18 U.S.C. § 2113(a) ("Whoever, by force and violence, or by intimidation, takes, or *attempts to take*, . . . any property or money . . . in the care, custody, control, management, or possession of, any bank . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.") (emphasis added).

At sentencing the district court calculated Hernandez's offense level by consulting the robbery guideline, U.S.S.G. § 2B3.1. It set the base offense level at 20, *id.* § 2B3.1(a), and then added two points because the intended victim was a financial institution, *id.* § 2B3.1(b)(1), and added five more points because a firearm was brandished, *id.* § 2B3.1(b)(2)(c). Finally, the court granted Hernandez's request for a three-level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1(a), for a final offense level of 24. The resulting imprisonment range, given his criminal history category of IV, was 77 to 96 months, and the court sentenced him to 77 months. It rejected Hernandez's argument that the court should have begun this process with the attempt guideline, § 2X1.1, which Hernandez believes would ultimately have resulted in the subtraction of three more levels, for a final level of 21 and a sentencing range of 57–71 months.

The district court's rationale for concluding that the attempt guideline did not apply rested on the language of § 2113(a). It accurately noted that the statute itself prohibits not only completed bank robberies, but also attempts to commit bank robbery, and it reasoned that under these circumstances it is inappropriate to go beyond the general guideline for bank robbery, § 2B3.1. Several of our sister circuits have embraced this approach, and the government argues that we should do the same. See *United States v. Van Boom,* 961 F.2d 145, 146–47 (9th Cir.1992); *United States v. Williams,* 891 F.2d 962, 965 (1st Cir.1989); *United States v. Toles,* 867 F.2d 222, 223 (5th Cir.1989). Our court, however, has not yet taken this step. Taken to its logical conclusion, this argument risks making § 2X1.1 almost meaningless. There is no general statutory proscription against attempts, and so attempting to commit a federal crime is prohibited only by the enactment of a specific statute.

*United States v. Rovetuso,* 768 F.2d 809, 821 (7th Cir.1985). Like the bank robbery statute, that statute generally is the same one that defines the substantive crime. All of these statutes, it seems, would be susceptible to the same interpretation as the one used here, leaving little or no role for § 2X1.1. More specifically, we note that § 2X1.1 contains a list of crimes that are excluded from the application of § 2X1.1(b)(1), but 18 U.S.C. § 2113(a) is not on the list. Similarly, there is a list of "offense guidelines that expressly cover attempts" in Application Note 1 to § 2X1.1, but § 2B3.1 is not on that list.

These observations suggest that there are a number of complex problems that would have to be resolved before we could rule that attempted bank robbery is covered only by the general guideline. There is no need to undertake this task here, however, because our decision in *United States v. Emmett,* 321 F.3d 669 (7th Cir. 2003), makes it clear that Hernandez is not entitled to the three-level adjustment of § 2X1.1 for another reason: he had essentially completed the offense before he fled from the bank. After stating that the base offense level for an attempt is the adjusted offense level for the underlying substantive offense minus three levels, § 2X1.1 specifies that no reduction should occur if "the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." *Id.* § 2X1.1(b)(1).

Hernandez argues that he did not complete all the necessary acts for a bank robbery, because he did not get any money. But that logic fails to focus on the defendant's own acts, which are the only thing the Guideline mentions, and instead

relies on the victims' responses. In *Emmett,* this court applied the § 2X1.1 exception to a situation almost identical to Hernandez's. There, the defendant on two separate occasions walked into a bank and handed a teller a note demanding money. The teller at the first bank walked away to give the note to her supervisor; the teller at the second bank ducked behind the counter. Both times, the defendant departed empty-handed. 321 F.3d at 671. Emmett argued that he should have received the three-level adjustment under § 2X1.1(b)(1), but we disagreed, finding that he had done everything that he thought was necessary to rob the banks by entering the bank and giving a threatening note to the teller. The fact that he failed, twice, did not mean that he thought he had not done enough.

Hernandez's case is indistinguishable from Emmett's. He walked into the Athens State Bank with his armed accomplice and demanded money. He would have succeeded, but for the unexpected refusal of the bank employees to comply. *Emmett* establishes that this is enough to disqualify him from the downward adjustment provided by § 2X1.1. We therefore AFFIRM the judgment of the district court.