UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Duane WESTMORELAND,
Defendant–Appellant.

No. 89–2275.

United States Court of Appeals,
Tenth Circuit.

Aug. 13, 1990.

Ann Steinmetz, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Robert J. Gorence, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before LOGAN, BALDOCK and BRORBY, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Michael Duane Westmoreland appeals the sentence he received upon pleading guilty to a violation of 18 U.S.C. § 659, theft from an interstate shipment. The only issues in the appeal concern whether the district court correctly computed defendant's base offense level, specifically its interpretation of "loss" under United States Sentencing Commission, *Guidelines Manual* § 2B1.1(b)(1) (hereinafter U.S.S.G.), and whether the district court erred in refusing to grant a downward departure in sentence.

■ From our review of the record we are satisfied that the district court's refusal to grant a downward departure was not based upon an incorrect belief that it lacked such power. *See United States v. Lowden*, 900 F.2d 213, 217–18 (10th Cir.), *reaff'd after remand*, 905 F.2d 1448 (10th Cir.1990). A district court's refusal to grant a downward departure in sentence, when it knows that it has such power, is not appealable. *United States v. Richardson*, 901 F.2d 867, 869–70 (10th Cir.1990); *United States v. Davis*, 900 F.2d 1524, 1528–30 (10th Cir.1990). Therefore, the only issue we consider is the proper interpretation of the loss to be calculated under U.S.S.G. § 2B1.1.

Defendant's crime involved the theft of his employer's tractor-trailer truck loaded with more than 1,000 televisions, VCRs, and camcorders. The FBI calculated the

value of the tractor-trailer and its entire contents at $691,311, and these figures are not challenged. If that is the appropriate basis for the loss calculation it would add ten points to the base offense level of four under the June 15, 1988, version of U.S.S.G. § 2B1.1(b)(1), and that was the calculation used by the court in assessing the sentence.[1] Defendant contends that the proper amount of loss, which the court should have used in its calculations, was $10,768, the value of the items that were never recovered. Defendant had driven the vehicle, loaded with televisions, VCRs, and camcorders, from Los Angeles toward a destination in Oklahoma City for his employer. He stopped in Albuquerque and there participated in breaking and entering the vehicle and removing its contents. He abandoned the vehicle in Albuquerque, but reported to his employer that it had been stolen in Oklahoma City.

The specific legal issue, which is a matter of first impression in this circuit, is whether "loss" for purposes of U.S.S.G. § 2B1.1(b)(1) is determined solely by the value of the items taken in a theft, or whether the figure should be reduced by the value of items ultimately recovered by the victim. We believe the answer is in the commentary to the Guidelines. U.S.S.G. § 2B1.1 Commentary, Application Note 2, states that " '[l]oss' means the value of the property taken, damaged, or destroyed," ordinarily measured by its "fair market value." However, if conduct is partially completed, such as the theft of a government check or money order, "loss refers to the loss that would have occurred if the check or money order had been cashed. Similarly, if a defendant is apprehended in the process of taking a vehicle, the loss refers to the value of the vehicle even if the vehicle is recovered immediately." *Id.*

The instant situation is clearly analogous to the examples given in the Application Note. Here the amount taken was the entire vehicle and its contents valued at $691,311. The fact that good police work diminished the actual loss to the employer victim should not affect the determination of the extent of defendant's culpability and responsibility for purposes of sentencing. We reject defendant's argument that the three level decrease applicable to incomplete attempts, solicitations, or conspiracies applies in the instant case. We therefore hold that the court properly calculated the amount of the loss under the guidelines and the sentence must be AFFIRMED.

---

1. The court also added a two level increase under U.S.S.G. § 2B1.1(b)(4) because the offense involved more than minimal planning, but subtracted two levels under U.S.S.G. § 3E1.1 because of defendant's acceptance of responsibility. These two adjustments are not in issue on appeal.