DUHÉ, Circuit Judge.
Cockerham appeals two aspects of his sentence. First, he argues that the district court erred by not making written findings of fact or conducting a hearing to resolve disputed issues when determining the amount of restitution. We agree. Then he argues that the district court committed error in calculating his offense level under the Sentencing Guidelines. We disagree. Accordingly, we affirm in part, vacate in part, and remand.
Appellant Cockerham, President of Texas American Bank, pleaded guilty to four counts of an eighteen-count indictment. He and the bank’s executive vice president formed partnerships with loan customers of Texas American thereby secretly sharing in the benefits of real estate development loans. Cockerham was sentenced in two separate proceedings because three of the four counts occurred before the effective date of the sentencing guidelines. The district court imposed concurrent sentences of five years’ imprisonment on each of the pre-guideline counts. On the guideline count, Cockerham was sentenced to twenty months’ imprisonment to run concurrently *288 with his pre-guideline sentences. The district court also ordered Cockerham to pay restitution of $5,276,331.58.

Restitution

Both parties agree that Federal Rule of Criminal Procedure 32(c)(3)(D) and the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3580 (recodified 18 U.S.C. § 3662), require the sentencing judge to resolve any disputes as to the proper amount of restitution. However, appellee contends that Cockerham failed to assert an objection sufficient to trigger those provisions. Appellee correctly notes that a defendant seeking to rely on Rule 32(c)(3)(D) must bring the alleged factual inaccuracies to the attention of the sentencing judge. United States v. Fry, 831 F.2d 664, 667-68 (6th Cir.1987); United States v. Aleman, 832 F.2d 142, 145-56 n. 8 (11th Cir.1987). Upon review of the record, we determine that Cockerham’s objections were sufficient to require adherence to the rule and the VWPA.[1] Accordingly, we must vacate and remand to the district court for a hearing and fact findings as to the proper amount of restitution. This procedure is especially appropriate because the government admits that the restitution ordered by the district court is not in accordance with the Supreme Court’s recent holding that the VWPA authorizes restitution only for loss caused by the specific conduct that is the basis of the offense of conviction. Hughey v. United States, - U.S. -, 110 S.Ct. 1979, 1982-86, 109 L.Ed.2d 408 (1990). According to Hughey, restitution based on a loss resulting from acts for which Cockerham was not convicted is inappropriate. Cockerham pleaded guilty to four of eighteen counts, yet the restitution was based on loss resulting from all eighteen counts upon which he was indicted.[2]

Adoption of Section 1B1.3

The contention that section 1B1.3 could not have been legally adopted by the Sentencing Commission is raised in this Court for the first time. See United States Sentencing Commission, Guidelines Manual, § 1B1.3 (Nov. 1990). Issues raised for the first time on appeal “are not reviewable by this Court unless they involve purely legal questions and failure to consider them would result in manifest injustice.” Self v. Blackburn, 751 F.2d 789, 793 (5th Cir.1985); United States v. Garcia-Pillado, 898 F.2d 36, 39 (5th Cir.1990).
Cockerham contends that, in promulgating section 1B1.3, the Federal Sentencing Commission exceeded its grant of authority under the Sentencing Reform Act of 1984, Specifically, the district court sentenced Cockerham on one count under guideline section 2B1.1, but in calculating the offense level, the district court added nine points to the base offense level predicated, in part, on additional “losses” from counts upon which there was no conviction.
Neither party here disputes that a purely legal question is involved. There is some question, however, whether our failure to consider it would result in manifest injustice. We think not. The district court sentenced Cockerham to twenty months’ incarceration to run concurrently with three five-year concurrent terms imposed on the pre-guideline convictions. Since the guideline conviction sentence is concurrent with the sentences for the pre-guideline convictions, we determine that manifest injustice will not result if this Court declines to review the legality of Cockerham’s guideline sentence.[3]

*289
Relevant Conduct Under U.S.S.G. Section IB 1.3(a)(2)

In determining the appropriate offense level pursuant to section 2B1.1, the district court added nine levels to the base offense level of four because it considered losses caused by transactions underlying dismissed counts as relevant conduct pursuant to section 1B1.3. These acts increased the property loss deemed to have been caused by Cockerham’s relevant conduct from $141,000 to $291,000. Cocker-ham contends that the district court erred in considering the losses caused by these acts because they do not fall within the definition of “relevant conduct” under section lB1.3(a)(2). Specifically, that section provides for the inclusion of “all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.”
Cockerham argues that the transactions that did not result in convictions do not satisfy the section lB1.3(a)(2) requirement because they were of a different type, they were perpetrated in a different time frame, they were unrelated, and gains derived from them were put to different uses.
We must "accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e) (West Supp.1989). Cockerham argues that whether a particular guideline applies is a question of law, reviewable de novo. However, we find such an analysis to be primarily factual, raising no substantial issues of law. In holding that a determination that conduct is relevant to the offense of conviction is reviewed under a clearly erroneous standard, we join an eminent congregation. See, e.g., United States v. Vazzano, 906 F.2d 879, 883 (2nd Cir.1990); United States v. Gooden, 892 F.2d 725, 728 (8th Cir.1989); cert. denied, - U.S. , 110 S.Ct. 2594, 110 L.Ed.2d 274 (1990); United States v. Gerante, 891 F.2d 364, 368 (1st Cir.1989); United States v. Mocciola, 891 F.2d 13, 16 (1st Cir.1989); United States v. Silverman, 889 F.2d 1531, 1539 (6th Cir.1989).
The government argues that Cockerham waived any objection to the Court’s consideration of the dismissed counts as relevant conduct because no specific objection was presented to the trial court before sentencing. After thoroughly reviewing the record, we determine that Cockerham did, impliedly at least, object to the inclusion as relevant conduct of those losses occasioned by acts for which he was not indicted. Nevertheless, these objections are without merit. The record fully supports the district court’s determination that the conduct underlying the dismissed counts was within the same course of conduct as the offense of conviction. This determination was not clearly erroneous.' Specifically, the two transactions underlying the dismissed counts involved the misapplication of funds through a loan and a letter of credit. Cock-erham held the same position throughout the period in which he was engaged in the misapplication of funds. To suggest that his activities were not “part of the same course of conduct or common scheme or plan as the count of conviction” is tantamount to suggesting that he was not involved in any wrongful activity. The record clearly shows that Cockerham continually made use of his position to improperly engage in loan transactions for the benefit of himself and others. The broad scope of his wrongful actions does not make them any less related to one another.
Cockerham also contends that the district court erred in adding nine levels to his base offense level under section 2B1.1 because that section provides for increases in the defendant’s offense level based only on the amount of the victim’s loss. ' Cocker-ham contends that no “loss” to the bank occurred because the loans at issue were repaid. Commentary to section 2B1.1 defines loss as “the value of the property taken, damaged, or destroyed.” U.S.S.G. § 2B1.1, comment, (n. 2). Clearly, then, “loss” includes the value of all property taken, even that recovered or returned. See United States v. Westmoreland, 911 F.2d 398 (10th Cir.1990). Appellant’s argument is without merit.
Accordingly, we AFFIRM in part, VACATE in part and REMAND.

. United States v. Lawal, 810 F.2d 491, 492 (5th Cir.1987) (when defendant objects to the factual accuracy of the PSI, Rule 32(c)(3)(D) requires the district court to append written findings to the PSI); United States v. Aubrey, 878 F.2d 825, 828 (5th Cir.1989) (loss amount in PSI challenged at sentencing hearing necessitates procedural requirements of Rule 32(c)(3)(D)).

. The government argues that the plea agreement attested to by Cockerham provides an alternative basis for the restitution figure determined by the district court. We decline to depart from the Supreme Court’s clear mandate in Hughey, - U.S. -, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990).

.We find Cockerham’s argument that he could conceivably earn parole on the pre-guideline sentences before his guideline sentence runs to be entirely too speculative to constitute manifest error.