956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Derwin PRESCOTT, Defendant-Appellant.
 No. 91-6112.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Defendant-Appellant, Derwin Prescott, pled guilty in the district court to one count of conspiracy to possess with intent to distribute and distribution of cocaine base. He was sentenced to imprisonment for a term of 188 months, the bottom of the guideline range.
 
 
 2
 Defendant elected to appeal his conviction, prompting his attorney to file a brief pursuant to the procedure required by Anders v. California, 386 U.S. 738 (1967), in which he noted issues from the record that might arguably support this appeal. We address these issues in the order presented and affirm.[1]
 
 
 3
 Initially we note that the presentence report, to which Defendant did not object, and Defendant's guilty plea contradict all of the arguments Defendant makes here. Because Defendant raised no objection to the presentence report, he has waived his right to dispute its contents. United States v. Rios-Ramirez, 929 F.2d 563, 566 n. 2 (10th Cir.1991). Nevertheless, we briefly address each of Defendant's contentions.
 
 
 4
 Defendant first argues that the illegal firearm seized during the search of the premises was not "possessed during the commission of the offense" for purposes of section 2D1.1(b)(1) of the United States Sentencing Guidelines.[2] The presentence report states, however, that Defendant acknowledged operating a crack house and that a loaded twelve-gauge shotgun with an illegal barrel length was found during the execution of a search warrant for the premises. Application note 3 to section 2D.1.1 of the sentencing guidelines provides that an upward adjustment should be applied when a weapon is present, "unless it is clearly improbable that the weapon was connected with the offense." There was no showing that the gun was unconnected with the offense, and because firearms have been recognized as facilitating the successful operation of a crack house, United States v. Williams, 923 F.2d 1397, 1402-03 (10th Cir.1990), cert. denied, 111 S.Ct. 2033 (1991), Defendant's argument regarding improper enhancement fails.
 
 
 5
 Defendant next speculates that the court may have relied on extraneous information about Defendant's codefendant when arriving at Defendant's sentence. There was ample evidence in the presentence report, however, to support Defendant's sentence without the use of any extraneous information.[3] The total weight of cocaine base attributable to Defendant was 280.9 grams which accurately translated into a base level offense of 34. U.S.S.G. § 2D1.1. The weight of cocaine base was aggregated from the two sales by Defendant to undercover agents and the cocaine base found on the premises. Defendant aknowledged that he was operating a crack house, and the presence of a shotgun on the premises is undisputed.
 
 
 6
 Additionally, even if the district court had considered matters relating to Defendant's codefendant, such consideration would not have been error. "[C]ourts have traditionally been allowed to consider all sources of information in formulating an appropriate sentence." United States v. Beaulieu, 893 F.2d 1177, 1179 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990) (rejecting argument that district court erred by considering testimony from trial of defendant's coconspirators when sentencing defendant); United States v. Davis, 912 F.2d 1210, 1214 (10th Cir.1990) (approving use of information obtained from codefendants as basis for upward departure).
 
 
 7
 Defendant next complains that the district court did not make an express finding of accuracy regarding the quantity of drugs involved. The district court, however, was not required to make such a finding because Defendant did not challenge the information contained in the presentence report. See United States v. Strayer, 846 F.2d 1262, 1267 (10th Cir.1988) (discussing options available to sentencing court when a defendant alleges factual inaccuracy); Fed.R.Crim.P. 32(c)(3)(D).
 
 
 8
 Defendant also argues that the district court erred in refusing to grant a downward departure of his sentence. Absent any indication that the district court thought itself lacking the power to grant such a departure, this issue is not appealable. United States v. Westmoreland, 911 F.2d 398, 398 (10th Cir.1990); United States v. Richardson, 901 F.2d 867, 869-70 (10th Cir.1990).
 
 
 9
 After Defendant's attorney filed the Anders brief, Defendant himself filed a supplemental brief in which he argued that he had only been visiting the premises involved and that he "had no shotgun," and that the drugs he was distributing were only a "very low grade" cocaine and not crack or any other derivative of cocaine base. Prescott Supporting Brief at 1. Defendant's contention regarding possession of the shotgun has been addressed above. The argument that the drug involved was "very low grade" is belied by Defendant's guilty plea to a charge of conspiracy to possess with intent to distribute and distribution of cocaine base. In addition, the presentence report stated that undercover officers purchased cocaine base from Defendant. After his guilty plea and in view of the fact that Defendant did not challenge the presentence report, he cannot now be heard to contend that he distributed only a "very low grade" drug.
 
 
 10
 The judgment of the district court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 2 U.S.S.G. § 2D1.1(b)(1) provides "[i]f a dangerous weapon (including a firearm) was possessed [in the course of the unlawful manufacturing, importing, exporting, or trafficking, including possession with intent to commit these offenses], increase by 2 levels."
 
 
 [3]
 The accuracy of the information in the presentence report was admitted by Defendant's attorney. Anders Brief at 6