**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Vince Albert NAPIER, Defendant–Appellant.**

**No. 93–10586.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 1994 *.

Decided April 12, 1994.

Before: BOOCHEVER, NOONAN, and O'SCANNLAIN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4. Accordingly, we deny Napier's request for oral argument.

Eugene A. Burdick, Mesa, AZ, for defendant-appellant.

Janet Napolitano, U.S. Atty., Georgia B. Ellexson, Chief, Appellate Section, and Stanley L. Patchell, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before POOLE, BEEZER, and T.G. NELSON, Circuit Judges.

PER CURIAM:

Vince Albert Napier appeals his 88–month sentence following entry of a guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). Napier contends that the district court erred when it calculated his offense level by interpreting "loss" under U.S.S.G. § 2B3.1(b)(6) as the amount of money taken during the robbery. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's application of the Sentencing Guidelines. *United States v. Foreman*, 926 F.2d 792, 795 (9th Cir.1990).

Under the Sentencing Guidelines, a defendant's offense shall be increased by one level when the loss from the robbery exceeded $10,000. U.S.S.G. § 2B3.1(b)(6). " 'Loss' means the value of the property taken, damaged or destroyed." U.S.S.G. § 2B1.1, comment. (n. 2). When the defendant is apprehended in the process of the robbery, the amount of the loss can mean the potential loss had he not been apprehended. *See United States v. Van Boom*, 961 F.2d 145, 146 (9th Cir.1992) (attempted extortion punished as though completed for purposes of loss valuation); *see also United States v. Westmoreland*, 911 F.2d 398, 399 (10th Cir. 1990) ("fortuitous recovery" of property taken irrelevant to calculation of victim loss).

Here, Napier and an accomplice took $14,-688 from Bank of America in Phoenix, Arizona. Aided by tracking devices, law enforcement officers stopped Napier and his accomplice within an hour and recovered the money.

At sentencing, arguing that no loss occurred because the money was recovered, Napier objected to a one-level increase under section 2B3.1(b)(6). Overruling the objection, the district court increased Napier's offense level by one level based upon the amount of money Napier took during the robbery. Because Napier took more than $10,000 from the bank, the district court properly calculated the amount of loss under the Guidelines. *See Van Boom*, 961 F.2d at 146–47; *see also Westmoreland*, 911 F.2d at 399.

**AFFIRMED.**