46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralfiki Lamar JOHNSON, Defendant-Appellant.
 No. 94-50135.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralfiki Lamar Johnson appeals his conviction and 30-month sentence following entry of a guilty plea to conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. Secs. 371, 1951.
 
 
 3
 Counsel for Johnson filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified five issues for review: (1) whether Johnson's guilty plea was involuntary; (2) whether the district court erred by imposing a sentence at the high end of the applicable sentencing range; (3) whether the district court erred by imposing an upward adjustment based on the amount of loss involved in the offense; (4) whether the sentence imposed was inconsistent with the plea agreement; and (5) whether the sentence is disproportionate to the crime. Johnson submitted a pro se supplemental brief. His primary contentions are that he should not have received a sentence at the high end of the Guidelines range, and his guilty plea was involuntary because he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291. We grant counsel's motion to withdraw and affirm the district court's judgment.[1]
 
 
 4
 * Guilty Plea
 
 
 5
 Johnson did not challenge the validity of his plea in the district court. Accordingly, we review for plain error the district court's determination that Johnson's plea was knowing and voluntary. See United States v. Sanders, No. 93-10780, slip op. 14345, 14358 (9th Cir. Nov. 23, 1994) (citing United States v. Flores-Payon, 942 F.2d 556, 558-60 (9th Cir. 1991)).
 
 
 6
 We have carefully reviewed the transcript of the change of plea proceedings and we are satisfied that the district court did not commit plain error by determining that the plea was knowing and voluntary. Johnson was charged in a two-count indictment with aiding and abetting armed robbery of a truck and use of a firearm during a crime of violence. He faced a maximum prison term of 20 years for those offenses. Pursuant to a plea agreement, he pleaded guilty to one count of conspiracy to interfere with commerce by robbery, which carried a maximum prison term of five years, and the other counts were dismissed. The agreement included several nonbinding stipulations concerning the sentence, but provided that the district court would determine the sentence under the Guidelines. The court imposed a sentence of 30 months' confinement at the Bureau of Prisons "Boot Camp" in Lewisburg, Pennsylvania.
 
 
 7
 At the change of plea hearing, the court reviewed in detail the factual basis for the conspiracy charge. Johnson admitted the underlying facts after clarifying certain discrepancies between statements contained in the superseding information and the plea agreement. He stated under oath that he understood that he might receive a maximum prison term of five years for the conspiracy charge and had not been promised a particular sentence. The court fully advised Johnson of his constitutional rights. Johnson stated that he understood those rights and specifically waived each one of them. He stated that he was not under the influence of any drugs or alcohol, that no promises had been made to him other than those set forth in the plea agreement, and that he was entering a guilty plea voluntarily. Based upon this record, we are satisfied that Johnson's plea represented "'a voluntary and intelligent choice among the alternative courses of action open to the defendant."' Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)); see also United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) (sworn statements made by a defendant in open court during plea proceedings "carry a strong presumption of verity"), cert. denied, 484 U.S. 832 (1987).
 
 
 8
 In his supplemental brief, Johnson appears to claim that his plea was involuntary because his attorney pressured him into accepting the plea agreement. "Ineffective assistance claims are ordinarily reviewed only in collateral proceedings because such claims usually cannot be resolved without the development of facts outside the record." United States v. Sitton, 968 F.2d 947, 960 (9th Cir. 1992), cert. denied, 113 S. Ct. 1306 (1993). We will review such claims on direct appeal only when the record on appeal is sufficiently developed to permit determination of the issue, or "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir. 1992).
 
 
 9
 Because Johnson never challenged the adequacy of his counsel's assistance in the district court and his claim is based on facts outside the record, the record on appeal is insufficient to resolve the issue. Accordingly, we decline to address Johnson's ineffective assistance of counsel claim. See Sitton, 968 F.2d at 960; Robinson, 967 F.2d at 290-91.
 
 II
 Sentence
 
 10
 The sentencing issues identified by counsel and by Johnson lack merit. The 30-month sentence did not violate the plea agreement because the agreement provided that the court could impose the statutory maximum penalty of five years. Although the parties stipulated that a sentence at the low end of the range was appropriate and that no financial loss had occurred within the meaning of U.S.S.G. Sec. 2B3.1, the court was not bound by those stipulations. Johnson agreed at sentencing that the applicable sentencing range was 24 to 30 months and did not object to a two-level increase in his offense level pursuant to section 2B3.1 based on the amount of intended loss involved in the offense. Thus, he has waived any objection to that adjustment. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir. 1990), cert. denied, 112 S. Ct. 442 (1991). Moreover, it was not plain error to impose the adjustment even though the stolen truck and its cargo were recovered. See United States v. Napier, 21 F.3d 354, 355 (9th Cir. 1994) ("When the defendant is apprehended in the process of the robbery, the amount of the loss can mean the potential loss had he not been apprehended."); U.S.S.G. Sec. 2B3.1, comment. (n.2) (1992).
 
 
 11
 Where, as here, the sentence was not imposed in violation of the law and is within the applicable Guidelines range, we lack jurisdiction to review the district court's selection of a sentence at the high end of the range. See United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir. 1990).
 
 
 12
 Accordingly, counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review