**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Byeong Chul CHOI, aka Edward H.
Choi, Defendant–Appellant.**

**No. 96–50200.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 1996.*

Decided Nov. 22, 1996.

Peter N. Priamos, Torrance, California, for defendant-appellant.

Gregory J. Weingart, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.

PER CURIAM:

After pleading guilty to possession of stolen goods in violation of 18 U.S.C. § 659, Byeong Chul Choi appeals his sentence. He argues because the interstate freight company from whom he stole Sony CD players and Nike shoes had limited its liability to $2,894.50, the court erred in determining loss according to the market value of $351,643. This resulted in an eleven point offense level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(L). We affirm.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th

Cir.R. 34–4 and Fed.R.App.P. 34(a).

 

A district court must first look to market value when determining loss. Application Note 2 to U.S.S.G. § 2B1.1 states, in pertinent part:

> "Loss" means the value of the property taken, damaged or destroyed. Ordinarily, when property is taken or destroyed the loss is the fair market value of the particular property at issue. Where the market value is difficult to ascertain or inadequate to measure harm to the victim, the court may measure loss in some other way, such as reasonable replacement cost to the victim.

Choi first argues that had the police not recovered the stolen property, the loss would have been limited to the amount of liability under the freight company's insurance contract, and that this amount would be a "reasonable replacement cost" under § 2B1.1. Choi's calculations omit some important factors. Had the police not recovered the stolen property, it is true that the freight carrier may have only been liable for a contracted amount. But the remaining loss does not just vanish—if the manufacturers' recovery were limited by the freight company's insurance contract, the manufacturers would lose the difference between the market value and the liability amount. This difference, combined with the liability amount, is the *actual* replacement cost, and it is equal to the market value. Consequently, market value was not "inadequate to measure harm to the victim," and the district court's only choice under Application Note 2 was to calculate loss using market value.

Choi additionally argues that since police recovered and returned the stolen property, no loss occurred. As this court has previously held, however, "the amount of loss can mean potential loss had [the defendant] not been apprehended." *United States v. Napier*, 21 F.3d 354, 355 (9th Cir.1994); *see also United States v. Robinson*, 94 F.3d 1325, 1329 (9th Cir.1996) (attempted extortion punished as though completed for purposes of loss valuation); *United States v. Van Boom*, 961 F.2d 145, 146 (9th Cir.1992) (sentence properly enhanced by amount of intended loss in sting operation even though no actual loss occurred).

The judgment of the district court is AFFIRMED.