**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Hannibal HUIHUI, Defendant—**
**Appellant.**

**No. 01–10426.**
**D.C. No. CR–00–00039–SOM.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 28, 2002.*

Decided Nov. 13, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

## MEMORANDUM**

A jury convicted Hannibal Huihui on one count of stealing from the United States mail in violation of 18 U.S.C. § 1708. He appeals from his sentence of 25 months. We affirm.

Huihui argues that the inclusion of the value of the missing food stamp coupons in the loss calculation had a disproportionate effect on his sentence, and therefore the district court should have required that there be clear and convincing evidence that Huihui stole the coupons. The inclusion of the coupon theft as relevant conduct increased Huihui's offense level from 6 to 12, and increased his Guidelines sentencing range from 6–12 months to 21–27

** This disposition is not appropriate for publication and may not be cited to or by the

months. Huihui received a 25–month sentence.

The inclusion of the food stamp theft in the loss calculation increased the number of offense levels by six, and Huihui's enhanced sentence is more than double the maximum length authorized without the enhancement. These are two factors that justify requiring clear and convincing evidence of the conduct underlying the sentence enhancement. *See United States v. Jordan,* 256 F.3d 922, 928 (9th Cir.2001).

Nevertheless, Huihui never argued for the application of the clear and convincing standard, and we therefore evaluate whether the district court committed "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 926 (quotations omitted).

It was error not to apply the clear and convincing standard of proof, and the error was plain because it is settled that the higher standard must be used when a sentence increases disproportionately. *Id.* at 930. For Huihui to show that the error violated his substantial rights, however, he must demonstrate that the enhancement "could not have been proved by clear and convincing evidence." *Id.* There was evidence at trial that Huihui picked up the food stamp coupon container for delivery to the Lihue airport. At the airport, Huihui did not turn the truck over to the next driver as scheduled, instead driving the afternoon run for the other driver and retaining control of the truck. The food stamp coupon container never reached its destination.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Huihui does not show that the government did not prove by clear and convincing evidence that Huihui took the food stamp coupons. The postal office employee who gave the stamp coupon container to Huihui and the driver to whom Huihui refused to turn over the truck with the container both testified at trial and were subject to cross-examination. *Compare id.* at 931–32 (not possible to determine whether evidence enough for clear and convincing standard, where evidence supporting enhancement was witness statements given to police in presentence report, probation officer did not interview witnesses, and witnesses never testified under oath or were subject to cross-examination). Huihui does not offer a reason for his retention of the truck with the food stamp container in it, and although he stated that the container later "disappeared," there was no evidence that he ever turned it over at the Lihue airport. The evidence and trial testimony establish that the food stamp container was last seen in Huihui's possession. Because it appears that the enhancement could have been proven by clear and convincing evidence, Huihui's substantial rights were not violated.

We also conclude that it was not plain error to include the food stamp coupon theft as relevant conduct, as it was close enough in time, regularity, and modus operandi to be considered part of the same course of conduct. *See United States v. Rose,* 20 F.3d 367, 371 (9th Cir.1994).

■ Huihui also argues are that the district court overvalued the food stamp coupons because insurance reimbursed some of the loss. This argument fails, because the district court should not use partial reimbursement to decrease the amount of loss. *See United States v. Choi,* 101 F.3d 92, 93 (9th Cir.1996). The district court also did not clearly err in denying Huihui a two-point reduction for acceptance of responsibility, because Huihui waited until after trial, conviction, and adoption of the presentence report to admit his guilt. Huihui has not demonstrated that his is the atypical situation in which the reduction is appropriate even when the ultimate acceptance of responsibility was so tardy. *See United States v. McKinney,* 15 F.3d 849, 852–53 (9th Cir. 1994) (reduction appropriate where defendant confessed upon arrest, attempted to plead guilty, was confused about plea status, and put on token defense at trial); *United States v. Easter,* 66 F.3d 1018, 1024 (9th Cir.1995) (limiting *McKinney* to "rare situations").

AFFIRMED.

SKOPIL, J., concurring in part, dissenting in part.

I agree with the majority that the district court committed plain error by sentencing Huihui for relevant conduct based on a preponderance of evidence rather than clear and convincing evidence. I part with the majority's determination, however, that no reversible error occurred because "it appears that the enhancement could have been proven by clear and convincing evidence." In my view, the majority's decision to weigh the evidence conflicts with an important and fundamental responsibility of the district court. In prior decisions, we have remanded for the district court "to determine whether the evidence is clear and convincing...." *See, e.g., United States v. Jordan,* 256 F.3d 922, 933 (9th Cir.2001). We explained that "we are not in a position to weigh conflicting evidence, which is an important responsibility of the district court...." *Id.* Similarly, in *United States v. Munoz,* 233 F.3d 1117, 1127 (9th Cir.2000), we remanded to permit the district court to apply the correct evidentiary standard, noting that such

a determination "is within the province of the district court to decide."

Moreover, the majority reaches its conclusion by impermissibly relying on Huihui's failure to rebut evidence presented at trial. The majority states that: "Huihui does not offer a reason for his retention of the truck with the food stamp container in it ... and no evidence that he ever turned it over at the Lihue airport. The evidence and trial testimony establish that the food stamp container was last seen in Huihui's possession." These statements are based on a review of trial proceedings, where Huihui had no burden to testify or offer evidence. We have frequently warned that no adverse inference can be drawn from a defendant's failure to testify and that by doing so even at sentencing, a court impermissibly shifts the burden of proof. *See e.g., United States v. Mezas de Jesus*, 217 F.3d 638, 644–45 (9th Cir.2000).

I would reverse and remand for resentencing.