UNITED STATES of America,
Plaintiff—Appellee,

v.

Robert Ryan ZIMMERMAN,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Asphalt Supply & Service, Inc.,
Defendant—Appellant.

Nos. 03–30576, 03–30577.
D.C. No. CR–02–00138–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Dec. 28, 2004.

Leif M. Johnson, Billings, MT, for Plaintiff–Appellee.

Robert L. Stephens, Jr., Southside Law Center, Billings, MT, for Defendant–Appellant.

Before HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

### MEMORANDUM*

Defendants Ryan Zimmerman and Asphalt Supply and Service, Inc. ("ASSI") appeal their convictions for false claims and false statements in connection with an asphalt supply contract between ASSI and the Bureau of Indian Affairs ("BIA"). We affirm the convictions for false statements, but reverse the conviction for submitting a false claim, and remand for resentencing.

Count I of the indictment charged Zimmerman and ASSI with submitting a false claim to the BIA on or around August 21, 2000, in violation of 18 U.S.C. § 287. However, Zimmerman's August 21 letter does not actually make a demand for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

money or request for payment; at most, it indicates ASSI's future intent to make such a request and asserts that ASSI could establish costs of $176,000. The BIA contracting officer conceded in his testimony that this letter was not a payment request. Even viewing the evidence in the light most favorable to the prosecution, no rational juror could have found that the letter constituted a "claim" within the meaning of the statute. *See United States v. Bishop,* 959 F.2d 820, 829 (9th Cir.1992). We must therefore reverse the conviction on this count.

■ We are not persuaded by the remainder of the defendants' claims. With respect to the unsent October 2002 letter, to the extent the letter was ever protected by attorney-client privilege, the privilege was waived by disclosure. *United States v. Mendelsohn,* 896 F.2d 1183, 1188–89 (9th Cir.1990). Nor is the letter protected under Federal Rule of Evidence 410, because it is not a statement "made in the course of plea discussions." *United States v. Guerrero,* 847 F.2d 1363, 1367 (9th Cir. 1988).

■ The district court did not err by refusing defendants' proposed instructions on entrapment by estoppel and subjective good faith. Although the BIA may have suggested making a "stockpile" arrangement, there is no evidence in the record that the BIA encouraged Zimmerman to falsify invoices or otherwise misrepresent the actual costs incurred by ASSI, or that the BIA indicated it would be legal to engage in such conduct. *See United States v. Brebner,* 951 F.2d 1017, 1024 (9th Cir.1991). Thus, an instruction on entrapment by estoppel was not warranted. The district court's instruction on the good faith defense was a correct statement of the law. *See United States v. Burrows,* 36 F.3d 875, 882–83 (9th Cir.1994).

■ Nor did the district court err by refusing to compel production of Dane Nelson's attorney's privileged information. The defendants cross-examined Nelson about all the material aspects of his testimony, including their allegation that he met with his attorney prior to obtaining a copy of the fraudulent invoice. Moreover, even assuming defendants could have shown that Nelson met with his attorney prior to obtaining a copy of the invoice, they would not have been able to suppress the evidence, as the government already had a copy of the invoice in its possession by virtue of ASSI's submission to the BIA.

■ The prosecutor's comments during closing argument were not improper comments on Zimmerman's failure to testify, but permissible comments on the failure to counter or explain the testimony presented. *See United States v. Castillo,* 866 F.2d 1071, 1083 (9th Cir.1988).

In resentencing Zimmerman, the district court should consider *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004), and, once they are decided, *United States v. Booker,* 375 F.3d 508 (7th Cir.), *cert. granted,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* Docket 03–47, 2004 WL 1723114 (D.Me.), *cert. granted,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004).

Affirmed in part; reversed in part; remanded for resentencing.