**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert Ryan ZIMMERMAN; Asphalt Supply & Service, Inc., a Montana corporation, Defendants—Appellants.**

No. 05–30293.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2006.

Decided April 24, 2006.

———

Leif M. Johnson, Esq., Billings, MT, for Plaintiff-Appellee.

Robert L. Stephens, Jr., Esq., Southside Law Center, Billings, MT, for Defendants-Appellants.

Before: LEAVY, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM *

Ryan Zimmerman and Asphalt Supply and Service, Inc. (ASSI) (collectively referred to as "defendants") appeal the district court's judgment following a remand for resentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

### A. *Prior Proceedings*

Zimmerman and ASSI were convicted, following a jury trial, of one count of submitting a false claim, in violation of 18 U.S.C. § 287, and two counts of submitting false statements, in violation of 18 U.S.C. § 1001, in connection with an asphalt supply contract between ASSI and the Bureau of Indian Affairs (BIA). The district court sentenced Zimmerman to 18 months imprisonment and ordered Zimmerman and ASSI to pay restitution in the amount of $163,753.21.

The defendants appealed their convictions. In an unpublished disposition, *United States v. Zimmerman*, 120 Fed. Appx. 15 (9th Cir.2004), we affirmed the two counts of conviction under 18 U.S.C. § 1001 for defendants' false statements and reversed the one count of conviction under 18 U.S.C. § 287 for submitting a false claim. We remanded for resentencing on the two counts of conviction for false statements, and directed the district court to consider *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and, when decided, the then-pending *Booker* case.[1]

Prior to resentencing, the defendants made an offer of materials contracted for in connection with the supply contract. Thereafter, the defendants moved the district court to compel the government to accept the offer in kind. At resentencing on May 25, 2005, the district court denied the pending motion to compel acceptance of the offer in kind. The defendants made an offer of proof that testimony and exhibits would show that offsets against the restitution amount should be allowed, resulting in a substantial credit. The court concluded, "Again, I've gone through the presentence report and I'm going to adopt

---

1. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

the presentence report recommendation in this matter." The district court imposed a prison sentence of 18 months for Zimmerman,[2] and ordered restitution against both defendants in the amount of $163,753.21. The defendants timely appealed.

### B. *Issues on Appeal and Standards of Review*

The defendants argue: (1) the district court erred in limiting the scope of the remand; (2) the district court erred in calculating the amount of the loss, and violated Fed.R.Crim.P. 32 by failing to rule upon their objections to the Presentence Report; and (3) the district court erred in imposing an enhancement for "more than minimal planning."

We review *de novo* a district court's compliance with Fed.R.Crim.P. 32. *United States v. Tam,* 240 F.3d 797, 803 (9th Cir.2001). We review *de novo* the district court's interpretation of the Sentencing Guidelines. *United States v. Asberry,* 394 F.3d 712, 716 n. 3 (9th Cir.2005).

"A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework. Factual findings supporting an order of restitution are reviewed for clear error. The legality of an order of restitution is reviewed de novo." *United States v. Hackett,* 311 F.3d 989, 991 (9th Cir.2002) (quoting *United States v. Stoddard,* 150 F.3d 1140, 1147 (9th Cir.1998)).

### C. *Analysis*

#### 1. *Scope of Remand*

■ When we reversed each of the defendants' convictions for submitting a false claim and remanded for resentencing on the two counts of conviction for false statements, we remanded on an open rec- ord without limitation on the evidence that the district court could consider. *United States v. Matthews,* 278 F.3d 880, 885–86 (9th Cir.2002) (en banc). The district court's limitation of evidence on restitution at resentencing was in error. However, the offered evidence regarding offsets was not relevant to the amount of loss. The government parted with a payment in the amount of $163,753 to defendants. As we conclude below, the district court did not abuse its discretion in ordering this amount in restitution. In this context, the district court's error is harmless.

#### 2. *Calculation of Loss*

■ Defendants argue that the district court erred by using the total amount of the payment received by ASSI ($163,753) and not considering offsets, including the in-kind offer of materials, in calculating the loss for the purpose of determining both the offense level and the amount of restitution.

The district court did not err in declining to consider offsets in the loss calculation to determine the offense level under the Sentencing Guidelines. The loss calculation can include the intended loss had the defendant not been apprehended, and turns on whether the conduct that brought money to the criminal taking it is complete. *See United States v. Choi,* 101 F.3d 92, 93 (9th Cir.1996); *United States v. Van Boom,* 961 F.2d 145, 146 (9th Cir.1992).

Restitution, however, is limited to actual, not intended, loss. *United States v. De La Fuente,* 353 F.3d 766, 771–72 (9th Cir. 2003) ("In criminal cases, restitution may compensate victims only for actual losses caused by the defendant's criminal conduct." (internal quotation marks and citation omitted)). In this case, the intended loss and the actual loss are the same. The

**2.** Zimmerman was exposed to a maximum sentence of imprisonment of five years for each conviction under 18 U.S.C. § 1001(a).

The advisory Sentencing Guideline range, using a loss calculation of $163,753 was 18–21 months.

defendants made false statements resulting in their receipt of a payment of $163,753. The government incurred this loss which was directly caused by defendants' offense conduct. *Id.* The district court was fully apprised of defendants' proposed calculations for computing the restitution amount, and did not abuse its discretion in rejecting their proposal. *See United States v. Cloud,* 872 F.2d 846, 856 n. 15 (9th Cir.1989).

Nor did the district court violate Fed. R.Crim.P. 32. The district court satisfied the requirements of Rule 32 when it adopted the findings in the revised presentence report while indicating its awareness of the defendants' challenges to the presentence report recommendations. *Tam,* 240 F.3d at 803–04.

### 3. *More Than Minimal Planning*

■ The district court did not err in finding that Zimmerman's conduct involved more than minimal planning that would support an enhancement under U.S.S.G. § 2F1.1(b)(2). More than minimal planning is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. U.S.S.G. § 1B1.1 cmt, n. 1(f). The evidence at trial indicated that defendants falsified several invoices and created documents for several transactions that never occurred. On this record, an enhancement for more than minimal planning was not clearly erroneous. *See United States v. Lindholm,* 24 F.3d 1078, 1086–87 (9th Cir.1994) ("The fact that defendant's behavior was repeated and involved an extended period of time implicates appellant's scheme as involving more than minimal planning.").

**AFFIRMED.**