**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Matthew LOTZE, Defendant— Appellant.**

**No. 05–50560.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Filed July 19, 2006.

---

Patrick Jasperse, Esq., U.S. Department of Justice Office of Consumer Litigation, Washington, DC, Orlando Gutierrez, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

William Braniff, Esq., Law Offices of William Braniff, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON and LEAVY, Circuit Judges, and BEISTLINE,* District Judge.

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

**600**

MEMORANDUM **

Matthew Lotze appeals the 21–month sentence and restitution order imposed following his guilty plea conviction on seven counts of wire fraud, false statement, and mail fraud, in violation of 18 U.S.C. §§ 1343, 1001, and 1341.

Lotze, through his wholly owned company, contracted with Chevron to destroy toy cars that contained small parts that could present a choking hazard to small children. Lotze did not destroy the toy cars, but instead resold many of the toy cars to unsuspecting buyers. The parties are familiar with the additional facts.

A. *Obstruction of Justice*

■ Lotze contends the district court erred in imposing a two-level increase under the advisory sentencing guidelines, U.S.S.G. § 3C1.1, for obstruction of justice. The district court found that Lotze did not tell the truth to inspectors from the Consumer Products Safety Commission ("Commission"), and that the Commission had to search for the toy cars on its own and launch a full scale investigation. The district court found that Lotze intended to divert the energies of the Commission. These findings are not clearly erroneous and the district court did not err in imposing an increased sentence under the advisory guideline U.S.S.G. § 3C1.1 for obstruction of justice.

B. *Calculation of Loss*

Lotze contends that the district court erred in its calculation of the total of the losses of $214,917. Lotze raises for the first time on appeal a contention that the district court erroneously included $6,157 for a "substitute" transaction that Chevron paid to purchasers Concord and Alpha to retrieve and destroy some of the toy cars. Lotze also contends that the district court failed to offset the losses to the purchaser Concord by possible profit that Concord may have realized.

■ The calculation of losses for sentencing purposes need only be a reasonable estimate of intended losses. *United States v. Choi*, 101 F.3d 92, 93 (9th Cir. 1996). The inclusion of the "substitute" transaction does not rise to the level of plain error. Even if the $6,157 were deducted, the total loss would not affect the advisory guideline range. Additionally, the district court did not err in its calculation of intended losses by not offsetting possible profits that Concord may have realized. *See id.* (the amount of loss can mean potential loss without regard to the victim's later reimbursements).

C. *Restitution Order*

1. *The Legal Fees to Chevron*

■ Lotze contends that the restitution order, in the total amount of $214,917, should not have included $104,703 for Chevron's attorney's fees in its civil suit against Lotze. A restitution award must be "based upon losses directly resulting from the defendant's criminal conduct." *United States v. Barany*, 884 F.2d 1255, 1261 (9th Cir.1989). Lotze cites *Barany* for support, arguing that the Chevron's civil suit was "too remote" to serve as a basis for restitution. We disagree.

Chevron was a victim of Lotze's criminal conduct. Chevron not only paid money for services that were not performed, but Chevron also became exposed to liability because the potentially hazardous toy cars remained in the stream of commerce. The district court found that it was reasonably

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

foreseeable by Lotze that Chevron would "do whatever they needed to do to make sure those cars were off the street, including suing him." Faced with all of Lotze's falsehoods, Chevron made a prudent choice in order to protect the public from the potentially hazardous toys. If, after making false statements, Lotze had instead chosen to tell the truth, the civil action might be, similar to *Barany*, "too remote" to serve as a basis for restitution. Here, however, Chevron's expenses in its civil suit were directly, not tangentially, related to Lotze's offenses. *See United States v. DeGeorge*, 380 F.3d 1203, 1222 (9th Cir.2004); *United States v. Cummings*, 281 F.3d 1046, 1052 (9th Cir.2002).

### 2. *Additional Restitution Issues*

■ Lotze's raises for the first time on appeal his contention that the district court erred in including the "substitute" transaction in the amount of $6,157 that Chevron paid to others to destroy the hazardous cars. Because Lotze did not object below, we may only review under the plain error standard. *United States v. Zink*, 107 F.3d 716, 718 (9th Cir.1997). To warrant relief under this demanding standard, there must be (1) error, (2) that is obvious under that law at that time, and (3) that affected substantial rights. *Id.* Even if these conditions are met, we grant relief only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* The inclusion of $6,157 in the total restitution award to Chevron does not rise to the level of plain error meriting relief.

■ The district court stated at sentencing that the restitution award to Concord in the amount of $9,026.50 "shall be made subject to any offset for profits earned by Concord for the sale of the toys." The district court stated that Concord bears the burden of showing how much is due absent the offsets for profits. "Where the oral pronouncement of a defendant's sentence is unambiguous, but differs from the written sentence, the oral sentence controls." *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir.1994) (citing *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993)). We simply clarify the existing record that the restitution award to Concord is subject to the district court's oral pronouncement that the award is subject to any offset for profits.

AFFIRMED.

